IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEXANDRA THURMAN,<br><br>      Plaintiff.<br><br>  v.<br><br>ROUNDY'S ILLINOIS, LLC D/B/A MARIANO'S.,<br><br>      Defendant. | Case No. 1:23-cv-03819<br><br>Hon. Edmond E. Chang |

## JOINT INITIAL STATUS REPORT

Plaintiff, Alexandra Thurman ("Plaintiff"), and Defendant, Roundy's Illinois, LLC d/b/a Mariano's. ("Defendant"), through their respective counsel, submit the following joint initial status report:

### I. Nature of the Case
    **A. Attorneys of Record**:

Alexander Taylor, Esq
Sulaiman Law Group LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 575-8181
ataylor@sulaimanlaw.com
*Attorneys for Plaintiff*

Christopher S. Griesmeyer (#. 6269851)
Zachary P. Mulcrone (# 6300387)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph Street, Suite 2300
Chicago, Illinois 60606
(312) 428-2750
cgriesmeyer@grglegal.com
zmulcrone@grglegal.com
*Attorneys for Defendant*

    **B. Basis for Federal Jurisdiction**

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. §12101 et seq.

### C. Nature of the Claims

Plaintiff's lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's alleged discrimination on the basis of Plaintiff's disability, Defendant's alleged failure to accommodate Plaintiff's disability, Defendant's alleged disability-based harassment, and Defendant's alleged retaliation against Plaintiff for engaging in a protected activity under the ADA. Defendant denies Plaintiff's allegations, as set forth in Defendant's Answer and Affirmative Defenses (Dkt. No. 7).

### D. Major Legal and Factual Issues

i. Whether Plaintiff was a qualified individual as that term is defined in the ADA;
ii. Whether Plaintiff had a disability as that term is defined in the ADA;
iii. Whether Plaintiff's performance met Defendant's legitimate expectations;
iv. Whether Plaintiff was able to perform the essential functions of her job with or without reasonable accommodation;
v. Whether similarly-situated individuals outside the protected class were treated more favorably than Plaintiff;
vi. Whether Plaintiff's employment was terminated (and, if so, the reasons for the termination of Plaintiff's employment);
vii. Whether the alleged conduct was unwelcome;
viii. Whether the work environment was objectively and subjectively offensive;
ix. Whether the alleged harassment complained of was based on disability;
x. Whether Plaintiff requested a workplace accommodation, or participated in an interactive process with Defendant.
xi. Whether the Defendant denied a reasonable accommodation request;
xii. Whether the alleged conduct was either severe or pervasive;
xiii. Whether there is a basis for employer liability;
xiv. Whether there was a materially adverse action taken by the employer motivated by unlawful discrimination;
xv. Whether there was a causal connection between Plaintiff's alleged accommodation request and the alleged acts of retaliation;
xvi. Whether and to what extent Plaintiff was damaged; and
xvii. Whether Plaintiff mitigated any damages

## II. Pending Motions and Case Plan

    A. **Status of Service:**
       All Parties have been served

    B. **Pending Motions:**

    None

    C. **Proposed Discovery Plan**
      i. **Type of Discovery Needed:** Written and oral discovery will be needed, including employment documents related to Plaintiff and the alleged harasser, employment policies and trainings, text messages, other electronic communications, witness statements, police reports, and damages-related discovery. Defendant anticipates needing third party discovery from Plaintiff's medical providers.

      ii. **Date for Rule 26(a)(1) disclosures: August 15, 2023**

      iii. **Date to Issue First-Set of Written Discovery Requests: September 29, 2023**

      iv. **Fact Discovery Completion Date: March 29, 2024**

      v. **Expert Discovery: At this time parties do not foresee the need for expert discovery.**

      vi. **Deadline to File Dispositive Motions: May 31, 2024.**

    D. **Plaintiff has requested Jury trial.**

    E. **Parties agree to service of pleadings and other papers by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E).**

III. **Consent to Proceed Before a Magistrate Judge**

    A. **Parties do not unanimously consent to proceed before a Magistrate Judge for all purposes**

IV. **Status of Settlement Discussions**

    A. At this time no settlement discussions have occurred.

B. The parties do not believe that a settlement conference would be productive at this time.

Dated: July 27, 2023

Respectfully submitted,

| | |
|---|---|
| */s/ Alexander Taylor* | */s/ Christopher S. Griesmeyer* |
| Alexander Taylor, Esq | Christopher S. Griesmeyer (#. 6269851) |
| Sulaiman Law Group LTD. | Zachary P. Mulcrone (# 6300387) |
| 2500 S. Highland Avenue, Suite 200 | GREIMAN, ROME & GRIESMEYER, LLC |
| Lombard, Illinois 60148 | 205 West Randolph Street, Suite 2300 |
| Phone (630) 575-8181 | Chicago, Illinois 60606 |
| ataylor@sulaimanlaw.com | (312) 428-2750 |
| *Attorneys for Plaintiff* | cgriesmeyer@grglegal.com |
| | zmulcrone@grglegal.com |
| | *Attorneys for Defendant* |